NAME: Sophie Uy

PRISON IDENTIFICATION/BOOKING NO.: WF2296

ADDRESS OR PLACE OF CONFINEMENT: 16756 China Corona Rd.

Corona, CA 92880

Note: It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

Fee Due

FILED
CLERK, U.S. DISTRICT COURT
JAN - 7 2019
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FULL NAME (Include name under which you were convicted): Sophie Uy

Petitioner,

v.

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER: Molly Hill

Respondent.

CASE NUMBER: CV19-00114-VAP-AFM

To be supplied by the Clerk of the United States District Court

☐ _____ AMENDED

### PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION: L.A. County

PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT (List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1. To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2. In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3. Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4. Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5. You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6. You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7. When you have completed the form, send the original and two copies to the following address:
   Clerk of the United States District Court for the Central District of California
   United States Courthouse
   ATTN: Intake/Docket Section
   255 East Temple Street, Suite TS-134
   Los Angeles, California 90012



LODGED
CLERK, U.S. DISTRICT COURT
JAN - 4 2019
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention  C . I . W .
   b. Place of conviction and sentence  Los Angeles County Superior Court

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*) : 1.) First degree burglary
      2.) First degree burglary
      14.) First degree burglary
   b. Penal or other code section or sections: 1.) 459 PC 2.) 459 PC 14.) 459 PC
      12022.1 PC

   c. Case number: NA100656-01
   d. Date of conviction: 4-22-15
   e. Date of sentence: 4-22-15
   f. Length of sentence on each count: 1.) 6 yrs. 2.) 16 mons. 14.) 16 mons.
      2 yrs. enhancement
   g. Plea (*check one*):
      ☐ Not guilty
      ☐ Guilty
      ☒ Nolo contendere
   h. Kind of trial (*check one*):
      ☐ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☒ Yes  ☐ No

   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):

   a. Case number: B288985
   b. Grounds raised (*list each*):
      (1) Clarify/correct sentence for credits
      (2) actual innocence of Gary Ryden

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: May 29, 2018

d.  Result  denied (attached)

4.  If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?   ☒Yes   ☐No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a.  Case number: S249692

b.  Grounds raised *(list each)*:

(1) court abused grants to probable cause.

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____

c.  Date of decision: Oct. 24, 2018

d.  Result  denied (attached)

5.  If you did not appeal:

a.  State your reasons  n/a

_____

_____

_____

_____

b.  Did you seek permission to file a late appeal?   ☐Yes   ☒No

6.  Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐Yes   ☒No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

    (a) _____

    (b) _____

    (c) _____

    (d) _____

    (e) _____

    (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

b.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

    (5) Date of decision: _____

    (6) Result _____

_____

    (7) Was an evidentiary hearing held?    ☐ Yes  ☐ No

c.  (1) Name of court: _____

    (2) Case number: _____

    (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

    (4) Grounds raised *(list each)*:

        (a) _____

        (b) _____

        (c) _____

        (d) _____

        (e) _____

        (f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes ☐ No

7.  Did you file a petition for certiorari in the United States Supreme Court?        ☐ Yes    ☒ No

       If yes, answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

_____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

8.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than five grounds.  Summarize briefly the <u>facts</u> supporting each ground.  For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

    **CAUTION:**    *Exhaustion Requirement:*  In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court.  This means that, prior to seeking relief from the federal court, you first must present <u>all</u> of your grounds to the California Supreme Court.

    a.  Ground one: due process violated when court denied correction of sentence

       (1) Supporting FACTS: See attached

_____

_____

_____

_____

_____

       (2) Did you raise this claim on direct appeal to the California Court of Appeal?        ☒ Yes   ☐ No

       (3) Did you raise this claim in a Petition for Review to the California Supreme Court?        ☒ Yes   ☐ No

       (4) Did you raise this claim in a habeas petition to the California Supreme Court?        ☒ Yes   ☐ No

    b.  Ground two: due process denied when the court failed to conduct hearing of actual innocence of Gary

       (1) Supporting FACTS: Rudan.

       See attached

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☒ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☒ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☒ Yes ☐ No

c. Ground three: due process denied when the court failed to conduct probable cause hearing.

(1) Supporting FACTS: _____

See attached

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☒ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☒ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☒ Yes ☐ No

d. Ground four: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court? ☐ Yes ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court? ☐ Yes ☐ No

e. Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal? ☐ Yes ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☐ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☐ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons:  N/A

_____

_____

10.  Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?

☐ Yes  ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available):*

a.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* _____

(4) Grounds raised *(list each):*

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?  ☐ Yes ☐ No

b.  (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing):* _____

(4) Grounds raised *(list each):*

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?          ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to this judgment of conviction?          ☐ Yes ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

   (1) Name of court: _____

   (2) Case number: _____

   (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

   (4) Grounds raised *(list each)*:

      (a) _____

      (b) _____

      (c) _____

      (d) _____

      (e) _____

      (f) _____

12. Are you presently represented by counsel?          ☐ Yes ☑ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____
*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   1/1/19       *Uyn Sophie* _____
           *Date*                                   *Signature of Petitioner*

Sophie Uy
_____
Petitioner

People
_____
Respondent(s)

**DECLARATION IN SUPPORT**
**OF REQUEST**
**TO PROCEED**
*IN FORMA PAUPERIS*

I, Sophie Uy_____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?  ☐ Yes   ☒ No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. ∅ _____

2.  Have you received, within the past twelve months, any money from any of the following sources?

    a.  Business, profession or form of self-employment?     ☐ Yes   ☒ No
    b.  Rent payments, interest or dividends?                ☐ Yes   ☒ No
    c.  Pensions, annuities or life insurance payments?      ☐ Yes   ☒ No
    d.  Gifts or inheritances?                               ☐ Yes   ☒ No
    e.  Any other sources?                                   ☐ Yes   ☒ No

    If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months: _____

    _____

    _____

3.  Do you own any cash, or do you have money in a checking or savings account?  *(Include any funds in prison accounts)*
    ☐ Yes   ☒ No

If the answer is yes, state the total value of the items owned: _____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?  *(Excluding ordinary household furnishings and clothing)*  ☐ Yes   ☒ No

   If the answer is yes, describe the property and state its approximate value: _____

   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

   _____

   _____

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on _____              _____
                        *Date*                          *Signature of Petitioner*

## CERTIFICATE

   I hereby certify that the Petitioner herein has the sum of $ _____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said institution: _____

_____

_____

_____ 1.1.19              _____
      *Date*                                  *Authorized Officer of Institution/Title of Officer*

Memorandum of points and authorities in support of habeas corpus.

Ground 1: My due process was violated when they refused to correct my sentence. My CCI (Correctional Counselor) stated that my minute order and abstract of judgement says two different things. Therefore, CDCR can not calculate my time correctly. Please see attached Exhibit A and B.

Ground 2: I personally wrote an affidavit stating my accountability of these crimes alone. The detectives, prosecutor, or D.A. took my case, and evidence to charge Gary Ruden with the same exact crime that I had plead to in April 22, 2015. Please see Exhibit C

Schlup v. Delo (1995) 513 US 298, 115 S CT 851

Ground 3: My due process was violated when my lawyer did not explained the strikes per count I was pleading to, and my lawyer failed to investigate my case will allegations of a firearm which made my case serious/violent, they weren't any victims in my case, and they also mischaracterized witnesses being harmed. Please see Exhibits D, E, F, and G.

Lafler v Cooper (2012) __ US __, 132 S CT 1376. §§ 37.2, 52.1

SUPREME COURT
**FILED**

OCT 2 4 2018

Jorge Navarrete **Clerk**

Deputy

S249692

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re SOPHIE UY on Habeas Corpus.

---

The petition for writ of habeas corpus is denied.

Corrigan, J., was absent and did not participate.

**CANTIL-SAKAUYE**

*Chief Justice*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

**COURT OF APPEAL – SECOND DIST.**

# FILED

May 29, 2018

JOSEPH A. LANE, Clerk

kstpierre        Deputy Clerk

| | |
|---|---|
| In re SOPHIE UY | B288985 |
| on | (Super. Ct. No. NA100656) |
| Habeas Corpus. | (Laura L. Laesecke, Judge) |

THE COURT:

The court has read and considered the petition for writ of habeas corpus filed March 26, 2018. On its own motion, the court takes judicial notice of the files and records in *People v. Uy*, Los Angeles Superior Court case No. NA100656. The petition is denied. Having entered a plea, petitioner may not challenge the sufficiency of the evidence supporting her conviction. (See Pen. Code, § 1237.5; *In re Sandel* (1966) 64 Cal.2d 412, 413, fn. 1.) The record indicates petitioner was sentenced to 16 months in prison for count 2 and 16 months in prison for count 14. Because petitioner's crimes are violent felonies, she is statutorily limited to conduct credits of no more than 15 percent. (Pen. Code, §§ 667.5, subd. (c)(21), 2933.1.)

BAKER, Acting P.J.          MOOR, J.          KIM, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Exhibit A : I attached my abstract of judgement, showing I was sentence to 2 consecutive terms, which was not apart of my plea deal.

# EXHIBIT

# A

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**
*(NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED)*

CR-290

SUPERIOR COURT OF CALIFORNIA, COUNTY OF:
LOS ANGELES

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT:
SOPHIE UY
DOB: 08-04-1982

NA100656-01 -A
-B
-C
-D

AKA:
CII NO.: A22229626
BOOKING NO: 4259505
☐ NOT PRESENT

FELONY ABSTRACT OF JUDGMENT
☑ PRISON COMMITMENT   ☐ COUNTY JAIL COMMITMENT   ☐ AMENDED ABSTRACT

DATE OF HEARING: 04-22-2015
DEPT. NO.: 036
JUDGE: CMR. KRISTI LOUSTEAU

CLERK: SHONDA TAYLOR
REPORTER: BERGUNDY DAY
PROBATION NO. OR PROBATION OFFICER: X-1777606
☐ IMMEDIATE SENTENCING

COUNSEL FOR PEOPLE: SAEED D TEYMOURI
COUNSEL FOR DEFENDANT: RUBENIA G MEJIA   ☑ APPOINTED

1. Defendant was convicted of the commission of the following felonies:
☐ Additional counts are listed on attachment
(number of pages attached)

| COUNT | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YR.) | JURY | COURT | PLEA | TERM (L,M,U) | CONCURRENT | 1/3 CONSECUTIVE | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE (REFER TO item 5) | 654 STAY | SERIOUS FELONY | VIOLENT FELONY | YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01 | PC | 459* | 1ST DEG BURGLARY, PERSON PRESENT | 2014 | 04/22/15 | | | X | U | | | | | | X | X | 6 | |
| 02 | PC | 459* | 1ST DEG BURGLARY, PERSON PRESENT | 2014 | 04/22/15 | | | X | M | | X | | | | X | X | 1 | 4 |
| 14 | PC | 459* | 1ST DEG BURGLARY PERSON PRESENT | 2014 | 04/22/15 | | | X | M | | X | | | | X | X | 1 | 4 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| COUNT | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL |
|---|---|---|---|---|---|---|---|
| 1 | 12022.1 PC | 2 | | | | | 2 |
| | | | | | | | |

3. ENHANCEMENTS charged and found to be true for PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed, "S" for stayed, or "PS" for punishment struck. DO NOT LIST ENHANCEMENTS FULLY STRICKEN by the court.

| ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | ENHANCEMENT | TIME IMPOSED, "S," or "PS" | TOTAL |
|---|---|---|---|---|---|---|
| | | | | | | |

4. Defendant sentenced ☐ to county jail per 1170(h)(1) or (2)
☑ to prison per 1170(a), 1170.1(a) or 1170(h)(3) due to ☑ current or prior serious or violent felony ☐ PC 290 or ☐ PC 186.11 enhancement
☐ per PC 667(b)-(i) or PC 1170.12 (strike prior)
☐ per PC 1170(a)(3). Preconfinement credits equal or exceed time imposed. ☐ Defendant ordered to report to local parole or probation office.

5. INCOMPLETE SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES:
7. ☐ Additional indeterminate term (see CR-292).
8. TOTAL TIME: 10 | 8

Attachments may be used but must be referred to in this document.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR-290 [Rev. July 1, 2012]

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Penal Code,
§ 1213, 1213.5

CR-290

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: SOPHIE UY

ILB:c851bfc9-baed-46a7-9320-0f60b54d074b

NA100656-01          -A                                                                 -D

**9. FINANCIAL OBLIGATIONS** (plus any applicable penalty assessments):

**a. Restitution Fines:**
Case A: $ 300____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);  $ 300____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.
Case B: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);  $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.
Case C: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);  $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.
Case D: $_____ per PC 1202.4(b) (forthwith per PC 2085.5 if prison commitment);  $_____ per PC 1202.45 suspended unless parole is revoked.
$_____ per PC 1202.44 is now due, probation having been revoked.

**b. Restitution per PC 1202.4(f):**
Case A: $_____   ☐ Amount to be determined   to ____   ☐ victim(s)*   ☐ Restitution Fund
Case B: $_____   ☐ Amount to be determined   to ____   ☐ victim(s)*   ☐ Restitution Fund
Case C: $_____   ☐ Amount to be determined   to ____   ☐ victim(s)*   ☐ Restitution Fund
Case D: $_____   ☐ Amount to be determined   to ____   ☐ victim(s)*   ☐ Restitution Fund
☐ *Victim name(s), if known, and amount breakdown in item 13, below.   ☐ *Victim name(s) in probation officer's report.

**c. Fines:**
Case A: $_____ per PC 1202.5   $_____ per VC 23550 or ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $____ Lab Fee per HS 11372.5(a) ☐ $____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case B: $_____ per PC 1202.5   $_____ per VC 23550 or ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $____ Lab Fee per HS 11372.5(a) ☐ $____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case C: $_____ per PC 1202.5   $_____ per VC 23550 or ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $____ Lab Fee per HS 11372.5(a) ☐ $____ Drug Program Fee per HS 11372.7(a) for each qualifying offense
Case D: $_____ per PC 1202.5   $_____ per VC 23550 or ____ days ☐ county jail ☐ prison in lieu of fine ☐ concurrent ☐ consecutive
☐ includes: ☐ $____ Lab Fee per HS 11372.5(a) ☐ $____ Drug Program Fee per HS 11372.7(a) for each qualifying offense

**d.** Court Operations Assessment: $ 120 per PC 1465.8.  **e.** Conviction Assessment: $ 90 per GC 70373.  **f.** Other: $____ per (specify): _____

**10. TESTING:** ☐ Compliance with PC 296 verified   ☐ AIDS per PC 1202.1   ☑ other (specify): DNA PER SEC 296 PENAL CODE

**11. REGISTRATION REQUIREMENT:** ☐ per (specify code section): _____

**12.** ☐ MANDATORY SUPERVISION: Execution of a portion of the defendant's sentence is suspended and deemed a period of mandatory supervision under Penal Code section 1170(h)(5)(B) as follows (specify total sentence, portion suspended, and amount to be served forthwith):
Total: |_____|   Suspended: |_____|   Served forthwith: |_____|

**13.** Other orders (specify):

**14. IMMEDIATE SENTENCING:** ☐ Probation to prepare and submit a post-sentence report to CDCR per 1203c.
Defendant's race/national origin: OTHER ASIAN

**15. EXECUTION OF SENTENCING IMPOSED**
a. ☑ at initial sentencing hearing
b. ☐ at resentencing per decision on appeal
c. ☐ after revocation of probation
d. ☐ at resentencing per recall of commitment (PC 1170(d).)
e. ☐ other (specify):

**16. CREDIT FOR TIME SERVED**

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|------|---------------|--------|---------------|---|
| A | 202 | 101 | 101 | [ ] 2933  [ ] 2933.1  [ ] 4019 |
| B | | | | [ ] 2933  [ ] 2933.1  [ ] 4019 |
| C | | | | [ ] 2933  [ ] 2933.1  [ ] 4019 |
| D | | | | [ ] 2933  [ ] 2933.1  [ ] 4019 |

| Date Sentence Pronounced | | | Time Served in State Institution | | |
|---|---|---|---|---|---|
| 04 | 22 | 15 | DMH [ ] | CDC [ ] | CRC [ ] |

**17.** The defendant is remanded to the custody of the sheriff ☑ forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
To be delivered to ☑ the reception center designated by the director of the California Department of Corrections and Rehabilitation.
☐ county jail ☐ other (specify): _____

**CLERK OF THE COURT**
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | 05-05-2015 |

CR-290 [Rev. July 1, 2012]

**FELONY ABSTRACT OF JUDGMENT—DETERMINATE**

Exhibit B: Attached are my minute order proving I agreed to 48 months, which is 16 months for count 2 and 14. Due to the courts calculation, CDCR can not calculate my credits, because of the consecutive sentence.



B



MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 04/30/15

-----------------------------------------------------------------------
CASE NO. NA100656

THE PEOPLE OF THE STATE OF CALIFORNIA
                              VS.
DEFENDANT 01: SOPHIE  UY

-----------------------------------------------------------------------

NUNC PRO TUNC ORDER PREPARED. IT APPEARING TO THE COURT THAT THE MINUTE ORDER

IN THE ABOVE ENTITLED ACTION DOES NOT PROPERLY REFLECT THE COURT'S ORDER. SAID
MINUTE ORDER IS AMENDED NUNC PRO TUNC AS OF THAT DATE.  ALL OTHER ORDERS ARE TO
REMAIN IN FULL FORCE AND EFFECT. DETAILS LISTED AT END OF THIS MINUTE ORDER.

BAIL: APPEARANCE   AMOUNT      DATE     RECEIPT OR   SURETY COMPANY    REGISTER
        DATE       OF BAIL    POSTED     BOND NO.                      NUMBER

   12/17/14    $200,000.00  12/17/14  FS5001377837  FINAN CAS & SUR INC  14351007

CASE FILED ON 10/30/14.

COMPLAINT FILED, DECLARED OR SWORN TO CHARGING DEFENDANT WITH HAVING COMMITTED,
 ON OR ABOUT 10/09/14 IN THE COUNTY OF LOS ANGELES, THE FOLLOWING OFFENSE(S)
OF:

COUNT 01: 459 PC FEL
COUNT 02: 459 PC FEL
COUNT 03: 459 PC FEL
COUNT 04: 475(C) PC FEL
COUNT 05: 530.5(C)(2) PC FEL

COUNT 06: 11350(A) H&S FEL
COUNT 07: 11364.1(A)(1) H&S MISD
COUNT 08: 459 PC FEL
COUNT 09: 459 PC FEL
COUNT 10: 459 PC FEL
COUNT 11: 459 PC FEL
COUNT 12: 459 PC FEL
COUNT 13: 459 PC FEL
COUNT 14: 459 PC FEL


ON 04/22/15 AT  830 AM  IN CRIM JUSTICE CTR (LAC) DEPT 036

CASE CALLED FOR PRELIM SETTING/RESETTING

PARTIES: CMR. KRISTI LOUSTEAU (JUDGE)  SHONDA TAYLOR   (CLERK)
         BERGUNDY DAY  (REP)    SAEED D. TEYMOURI   (DA)

STIPULATED THAT CMR. KRISTI LOUSTEAU (JUDGE) MAY HEAR THE CAUSE AS TEMPORARY
                                        PRELIM SETTING/RESETTING
                 PAGE NO.   1          HEARING DATE: 04/22/15

```
CASE NO. NA100656
DEF NO.  01                          DATE PRINTED 04/30/15
```

JUDGE.

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY RUBENIA G MEJIA DEPUTY PUBLIC
  DEFENDER

DEFENDANT WAIVES FURTHER ARRAIGNMENT.

DEFENDANT ADVISED OF AND PERSONALLY AND EXPLICITLY WAIVES THE FOLLOWING RIGHTS:

WRITTEN ADVISEMENT OF RIGHTS AND WAIVERS FILED, INCORPORATED BY REFERENCE
HEREIN

TRIAL BY COURT AND TRIAL BY JURY


CONFRONTATION AND CROSS-EXAMINATION OF WITNESSES;

SUBPOENA OF WITNESSES INTO COURT TO TESTIFY IN YOUR DEFENSE;

AGAINST SELF-INCRIMINATION;

DEFENDANT ADVISED OF THE FOLLOWING:

THE NATURE OF THE CHARGES AGAINST HIM, THE ELEMENTS OF THE OFFENSE IN THE
COMPLAINT, AND POSSIBLE DEFENSES TO SUCH CHARGES;

THE POSSIBLE CONSEQUENCES OF A PLEA OF GUILTY OR NOLO CONTENDERE, INCLUDING THE
 MAXIMUM PENALTY AND ADMINISTRATIVE SANCTIONS AND THE POSSIBLE LEGAL EFFECTS
AND MAXIMUM PENALTIES INCIDENT TO SUBSEQUENT CONVICTIONS FOR THE SAME OR
SIMILAR OFFENSES;

THE EFFECTS OF PROBATION;

IF YOU ARE NOT A CITIZEN, YOU ARE HEREBY ADVISED THAT A CONVICTION OF THE
OFFENSE FOR WHICH YOU HAVE BEEN CHARGED WILL HAVE THE CONSEQUENCES OF

DEPORTATION, EXCLUSION FROM ADMISSION TO THE UNITED STATES, OR DENIAL OF
NATURALIZATION PURSUANT TO THE LAWS OF THE UNITED STATES.

COUNSEL FOR THE DEFENDANT JOINS IN THE WAIVERS AND CONCURS IN THE PLEA.

COURT FINDS THAT EACH SUCH WAIVER IS KNOWINGLY, UNDERSTANDINGLY, AND EXPLICITLY
  MADE;

THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 01 AND PLEADS
NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION 459 PC
 IN COUNT 01.  THE COURT FINDS THE DEFENDANT GUILTY.

COUNT (01) : DISPOSITION: CONVICTED

THE COURT FINDS THE OFFENSE IN COUNT 01 TO BE IN THE FIRST DEGREE.

THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 02 AND PLEADS
NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION 459 PC
 IN COUNT 02.  THE COURT FINDS THE DEFENDANT GUILTY.

CASE NO. NA100655
DEF NO.  01

DATE PRINTED 04/30/15

COUNT (02) : DISPOSITION: CONVICTED

THE COURT FINDS THE OFFENSE IN COUNT 02 TO BE IN THE FIRST DEGREE.

DEFENDANT PLEADS NOT GUILTY TO COUNT 04, 475(C) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 05, 530.5(C)(2) PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 06, 11350(A) H&S.
DEFENDANT PLEADS NOT GUILTY TO COUNT 07, 11364.1(A)(1) H&S.
DEFENDANT PLEADS NOT GUILTY TO COUNT 08, 459 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 09. 459 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 10, 459 PC.
DEFENDANT PLEADS NOT GUILTY TO COUNT 11, 459 PC.


THE DEFENDANT PERSONALLY WITHDRAWS PLEA OF NOT GUILTY TO COUNT 14 AND PLEADS
NOLO CONTENDERE WITH THE APPROVAL OF THE COURT TO A VIOLATION OF SECTION 459 PC
 IN COUNT 14.  THE COURT FINDS THE DEFENDANT GUILTY.

COUNT (14) : DISPOSITION: CONVICTED

THE COURT FINDS THE OFFENSE IN COUNT 14 TO BE IN THE FIRST DEGREE.

COURT ACCEPTS PLEA

DEFENDANT ADMITS THE SPECIAL ALLEGATION OF PENAL CODE SECTION
12022.1.

NEXT SCHEDULED EVENT:
SENTENCING

DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:

IMPRISONED IN STATE PRISON FOR A TOTAL OF 10 YEARS AND   8 MONTHS

AS TO THE BASE COUNT  (01):

COURT ORDERS PROBATION DENIED.

SERVE 6 YEARS IN ANY STATE PRISON

COURT SELECTS THE UPPER TERM OF 6 YEARS AS TO THE BASE TERM COUNT 01.

 DEFENDANT GIVEN TOTAL CREDIT FOR 202 DAYS IN CUSTODY 101 DAYS ACTUAL CUSTODY
AND 101 DAYS GOOD TIME/WORK TIME

PLUS $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)

$30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)

TEMPORARY COMMITMENT ISSUED.

TOTAL DUE: $70.00

PAGE NO.   3     PRELIM SETTING/RESETTING
                 HEARING DATE: 04/22/15

CASE NO. NA100655
DEF NO.  01
                                            DATE PRINTED 04/30/15

IN ADDITION:

-DEFENDANT IS TO MAKE RESTITUTION TO THE VICTIM PURSUANT TO
PENAL CODE SECTION 1202.4(F), PER CIVIL JUDGMENT AGAINST YOU.
HARVEY WAIVER GIVEN.

COURT ORDERS AND FINDINGS:

-PURSUANT TO PC SECTION 296, THE DEFENDANT IS ORDERED TO PROVIDE
BUCCAL SWAB SAMPLES, A RIGHT THUMB PRINT, A FULL PALM PRINT
IMPRESSION OF EACH HAND, ANY BLOOD SPECIMENS OR OTHER BIOLOGICAL
SAMPLES AS REQUIRED BY THIS SECTION FOR LAW ENFORCEMENT

IDENTIFICATION.

-THE DEFENDANT IS TO PAY A RESTITUTION FINE PURSUANT TO SECTION
1202.4(B) PENAL CODE IN THE AMOUNT OF $300.00.

-THE DEFENDANT IS TO PAY A PAROLE/POSTRELEASE COMMUNITY
SUPERVISION/MANDATORY SUPERVISION RESTITUTION FINE PURSUANT TO
SECTION 1202.45 PENAL CODE IN THE AMOUNT OF $ 300.00 SAID FINE
 IS ORDERED STAYED UNLESS PAROLE, POSTRELEASE COMMUNITY
SUPERVISION OR MANDATORY SUPERVISION IS REVOKED.

NUNC PRO TUNC ORDER PREPARED BY S.TAYLOR ON 04/30/15
AS FOLLOWS:
..
BY ADDING THERETO:
..
AS TO THE ENHANCEMENT, PURSUANT TO PENAL CODE SECTION 12022.1
DEFENDANT IS TO SERVE AN ADDITIONAL 2 YEARS IN THE STATE
PRISON.

COUNT (01): DISPOSITION: CONVICTED


DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:

AS TO COUNT  (02):

COURT ORDERS PROBATION DENIED.

SERVE 16 MONTHS IN ANY STATE PRISON

COURT SELECTS ONE-THIRD THE MID-TERM OF 48 MONTHS WHICH IS 16 MONTHS.

PLUS $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)

                                   PRELIM SETTING/RESETTING
               PAGE NO.   4        HEARING DATE: 04/22/15

CASE NO. NA100656
DEF NO.  01

DATE PRINTED 04/30/15

$30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)

TOTAL DUE: $70.00

CONSECUTIVE TO THE PRINCIPAL TERM.

COUNT (02): DISPOSITION: CONVICTED

DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED


DEFENDANT WAIVES ARRAIGNMENT FOR JUDGMENT AND STATES THERE IS NO LEGAL CAUSE
WHY SENTENCE SHOULD NOT BE PRONOUNCED. THE COURT ORDERED THE FOLLOWING
JUDGMENT:

AS TO COUNT  (14):

COURT ORDERS PROBATION DENIED.

SERVE 16 MONTHS IN ANY STATE PRISON

COURT SELECTS ONE-THIRD THE MID-TERM OF 48 MONTHS WHICH IS 16 MONTHS.

PLUS $40.00 COURT OPERATIONS ASSESSMENT (PURSUANT TO 1465.8(A)(1) P.C.)

$30.00 CRIMINAL CONVICTION ASSESSMENT (PURSUANT TO 70373 G.C.)

TOTAL DUE: $70.00

CONSECUTIVE TO THE PRINCIPAL TERM.

COUNT (14): DISPOSITION: CONVICTED

REMAINING COUNTS DISMISSED:

    COUNT  (03): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (04): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (05): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (06): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (07): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (08): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (09): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (10): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (11): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (12): DISMISSED DUE TO PLEA NEGOTIATION
    COUNT  (13): DISMISSED DUE TO PLEA NEGOTIATION

DMV ABSTRACT NOT REQUIRED

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

PAGE NO.   5        PRELIM SETTING/RESETTING
                    HEARING DATE: 04/22/15

# EXHIBIT



14-2855

Supplement No<br/>ORIG

# SIGNAL HILL POLICE DEPARTMENT

**Narrative**

walked over to the mailboxes in front of 2261 Ohio Avenue. As Uy was standing over by the mailboxes in front of 2261 Ohio, the male passenger (later identified as Gary Rudan) exited the front passenger door and stood next to the car looking up and down the street, keeping watch.

As I watched Uy, she was using a long object to pry open the mailboxes in front of 2261 Ohio Avenue. After reaching into the mailboxes, Uy walked back over to Rudan, and they got back into the vehicle. Uy drove off westbound on Skyline Drive from Ohio Avenue, and Detective Poor followed the Chevrolet. I drove past 2261 Ohio Avenue to follow Uy, and I could see the mailboxes in front of 2261-2267 were open, and they had not previously been open prior to the start of our surveillance operation.

SHPD uniformed patrol officers conducted an enforcement stop on the Chevrolet at Grant Street and Obispo Avenue. I had Uy step out of the vehicle, and I walked her to the front of SHPD Officer M. Stone's (#40273) patrol vehicle. I asked Uy what she was doing out here and she stated she was looking for a place to run.

SHPD Senior Officer K. Brown (#40166) and Officer T. Nadal (#40275) escorted Rudan from the vehicle. As I was standing next to the driver's door of the vehicle, Senior Officer Brown handed me a stack of mail, she had recovered from the floorboard between the front passenger seat and the front passenger door (which was only in arms reach of Rudan). The mail was addressed to the resident (Carmen Hirciag) of 2261 Ohio Avenue, where I had just observed Uy at the mailbox.

Upon further searching the vehicle, I located an AT&T payment envelope in the glove box. Inside the envelope was a personalized check from Mami Yamagishi. The check was a Bank of America check (#1639), and had the account number of ▓▓▓▓▓▓▓▓ on the bottom of the check. In the driver's door panel I located several flathead screwdrivers, which matched the entry tool of the previous mailbox theft reports. In the rear cargo area the vehicle there were several packages from Home Depot Online addressed to a Blanca Campos. All the mail, screwdrivers, and packages in the vehicle were photographed by Officer Stone.

While I was searching the vehicle, Senior Detective Noble contacted Carmen Hirciag at her residence regarding the status of her mailbox. Carmen advised Senior Detective Noble that she was previously a victim of mail theft. Senior Detective Noble asked Carmen if her mailbox had previously been vandalized, and she said it was. Carmen was unsure if there was mail in her mailbox at the time of the theft, as she did not check her box on the evening of 10-27-14. Senior Detective Noble asked Carmen if she knew either suspect, and she stated she did not. Senior Detective Noble asked Carmen if she had given the suspects permission to possess her mail, and she stated she did not. Carmen is desirous of prosecution for the theft of her mail.

After Detective Noble spoke with Carmen, Rudan was placed under arrest. Rudan was arrested for 182 PC - Criminal Conspiracy and 496 PC - Receiving Known Stolen Property. Rudan was transported to SHPD by Officer Stone for booking.

At the scene, I asked Uy who Yamagishi was, and she stated she did not know. Uy stated she was given the check to use. Uy was placed under arrest for 18-1708 US - Mail Theft, 182 PC - Criminal Conspiracy, and 496 PC - Receiving Known Stolen Property. Prior to transporting Uy to SHPD, she told Sergeant Hefte "I am the only one that broke into the mailboxes. He had nothing to do with it." Uy also advised Senior Officer Brown and Officer Nadal that she had a methamphetamine pipe in her bra. Senior Officer Brown collected the pipe and kept it in her possession until giving it to Detective Poor. Uy was also placed under arrest for 11364.1(a)(1) HS - Possession of Drug Paraphernalia.

At the station, Detective Poor informed me of one of his cases (14-2801) involving Yamagishi being a victim of identity theft. The report stated Yamagishi had a Kohl's account opened in her name without her authorization. I called Yamagishi about her check that I had found after I spoke with Detective Poor. I asked Yamagishi to come in to the SHPD to speak with me regarding the incident.

At the SHPD I spoke with Yamagishi, and I showed her the check that I had found. I asked Yamagishi if she has a Bank of America account, and she stated she did. Yamagishi gave me her B of A account number (▓▓▓▓▓▓▓▓), and it matched the number on the bottom of the check. I asked Yamagishi if the signature on the bottom of the check was hers, and she stated it was not. Yamagishi showed me her California driver's license, and it did not match the signature on the check. I asked Yamagishi if she had given anyone permission





Long Beach Police Department – Investigation Bureau
Forensic Science Services Division – Crime Laboratory
Crime Scene Unit

DR 14-61937
Initials/DID    > )( CU87
Date 10/10/14    Page: 3/3

## Investigation Notes

① photos

ES Visual → BP → Visual

Mailboxes

| 101 | 's, 's door | Ø m 's, 's |
|-----|-------------|------------|
| 102 | Print on 's, 's Ø |  |
| 103 | Ø m 's, 's |  |
| 104 | Ø m 's, 's |  |

Other Mailboxes are not open, but pried

's frame area (cane)   Mailbox 204   print
                       302          print
                       304          Ø

Front door Handle - not processed
handled by residents without gloves

Lift 1: Mailbox 102 - 's door
     2: Mailbox 204 - 's frame area
     3: Mailbox 302 - 's frame area

No Victim elimination prints - Residents were
at work - Daily Mailman not available

# EXHIBIT

# E

15-11036

Supplement No
ORIG

# LONG BEACH POLICE DEPARTMENT

**Narrative**

On 2/21/15 at approximately 0816 hours, while working uniformed patrol in a marked black and white police vehicle as Unit 1B6, I (Officer M. Brunson #10240) was dispatched to 645 Pacific Avenue regarding a burglary report (call #445).

645 Pacific Avenue is a multi unit apartment complex.  It has a locked glass door at the front of the complex, which is on the east side of the property.  An access code or key is required to gain entry into the building.  The glass door enters into the lobby of the complex.  There is a wall of mail boxes on the north wall of the lobby.  The lobby also have video surveillance cameras, which monitors the mail boxes and the entry glass door.

Upon arrival, I contacted Witness #1 (later identified as Paul B███████ who lives at the complex inside apartment ████.  Paul told me that at approximately 0800 hours, his daughter called him and told him that someone was breaking into the mail boxes.  Paul was standing outside in front of the complex at the time, so he walked towards the front lobby entrance door.  As he was walking towards the door, he saw an unknown female subject exit the building and leave in a black vehicle.

Paul described the suspect as a female Black or Hispanic, approximately 30 years old, with long brown hair in a pony tail, and wearing a gray hooded sweatshirt and blue jeans pants.  The vehicle was described as a black station wagon with either plate ████████ or ████████.  The vehicle was last seen going southbound Pacific Avenue and made a right turn to go eastbound on 4th Street.  The female suspect was seen getting into the driver's seat of the vehicle.

After speaking to Paul, I contacted Witness #2 (later identified as Jennifer B███████ who is Paul's daughter and also lives in apartment ████.  Jennifer stated at approximately 0800 hours, she was monitoring the video cameras in the lobby when she saw a female subject breaking into the mail boxes and stealing mail.  She called her Dad and told him that someone was breaking into the mail boxes.  The suspect then left the complex.

Jennifer described the suspect as a female Black or Hispanic, approximately 30 years old, with long brown hair in a pony tail, and wearing a gray hooded sweatshirt and blue jeans pants.

Jennifer stated she does not know how to work the video surveillance system, therefore, she would make a copy of the video on a flash drive and call dispatch when it ready to be picked up at a later time.

I observed the mail boxes, and I noted mail boxes ███████████████████████████████████████ ████████████ and █████ were all pried open.

I placed the incident on the lab list for prints.

I provided Jennifer with a report receipt.

# EXHIBIT

# F

14-61937          Supplement No
                  0001

# LONG BEACH POLICE DEPARTMENT

400 WEST BROADWAY

LONG BEACH, CA 90802

Reported Date
10/10/2014
Primary Offense
459-RPC
Officer
JOHNSON,JULIA CARTER



Phone ████████ RECORDS

Fax ████████ FAX



## Administrative Information

| Agency | | DR No | Supplement No | Reported Date | Reported Time |
|---|---|---|---|---|---|
| LONG BEACH POLICE DEPARTMENT | | 14-61937 | 0001 | 10/10/2014 | 17:55 |

| CAD Call No | Rpt Typ | Primary Offense | | |
|---|---|---|---|---|
| 142830460 | EVIDENCE ONLY | BURGLARY - RESIDENTIAL | | |

| Location | | City |
|---|---|---|
| 4110 ELM AV | | LONG BEACH |

| ZIP Code | Rep Dist | Area | Beat | From Date | From Time | To Date | To Time |
|---|---|---|---|---|---|---|---|
| 90807 | 222 | 03 | 19 | 10/09/2014 | 10:10 | 10/10/2014 | 08:00 |

| Officer | Assignment |
|---|---|
| 10487/JOHNSON, ████████ | INVEST/FSSD/CRIME LAB/CSI |

| 2nd Officer | Assignment | Entered by |
|---|---|---|
| ROBERTS,GREGORY A | SUPPORT/JAIL/BUS DESK/W2 | 10487 |

| Assignment | RMS Transfer | Prop Trans Stat | Approving Officer |
|---|---|---|---|
| INVEST/FSSD/CRIME LAB/CSI | Successful | Successful | 10251 |

| Approval Date | Approval Time |
|---|---|
| 10/10/2014 | 21:43:04 |

| Prop # | Involvement | Invl Date | In Custody? | Security | Tag No | Item No | # Pieces |
|---|---|---|---|---|---|---|---|
| 1 | EVIDENCE | 10/10/2014 | Yes | No | 820152 | 1 | 3 |

| Description | Typ |
|---|---|
| 3 lifts | A |

| Cat | Article | Entered Date | Entered Time |
|---|---|---|---|
| OTHER ARTICLES/GUNS/FIREARMS/DRUGS | Latent Prints | 10/10/2014 | 17:55 |

| RMS Transfer | Control | |
|---|---|---|
| Successful | 10487 | 1010141759 |

| Report Officer | Printed At | |
|---|---|---|
| 10487/JOHNSON, JULIA CARTER | 02/25/2015 05:37 | Page 1 of 1 |

# EXHIBIT

# G

# LONG BEACH POLICE DEPARTMENT

15-11036

Supplement No
0001

## Narrative

I (Detective J. Kennedy #6091) of the Burglary Detail was assigned this case to conduct a follow-up investigation. The main report indicates a female subject is seen on video surveillance entering the lobby of the building and stealing mail.

I contacted the witness, Jennifer B▓▓▓▓▓ who provided me with a thumbdrive containing video surveillance of the theft. B▓▓▓▓▓ showed me the banks of mailboxes located in the main lobby of the building along the north wall. I asked B▓▓▓▓ if there was a residence directly above the lobby and she said there was. She added it was unit #215. I asked B▓▓▓▓ if she was home during the time the theft occurred. B▓▓▓▓ said she was in her home when she observed the suspect breaking into the mailboxes via the video surveillance monitor located in her residence. When she observed the thief occurring she called her dad who was downstairs and he observed the suspect leaving and get into a vehicle. B▓▓▓▓ father took a cell phone picture of the license plate. I provided Boughner with my e-mail and asked her to have her father e-mail me the picture.

I viewed the surveillance video of the incident and saw a female subject enter the lobby wearing a grey sweater black pants and pink running shoes. I immediately recognized this subject as Sophie Uy. I continued to observed as Uy walks over to the mailboxes and takes several pieces of mail that were on top of the mail boxes and places them into a blue Walmart bag. Uy then looks directly into the camera before using a screwdriver to pry open a bank of mailboxes and empties the mailboxes contents into her blue bag. Uy then pries open a second bank of mailboxes with the screwdriver and empties the contents of those mailboxes into her blue bag. Uy then walks out of camera view for approximately 1 minute before returning into camera view. Uy then uses the screwdriver to open a third bank of mailboxes and empty the contents of those mailboxes. Uy walks out of camera view and exits the lobby.

I maintained the thumbdrive in my possession until later placing it into evidence.

Uy is a suspect in numerous thefts of mail from apartment buildings in the City of Long Beach. For further refer to DR #14-61937, #15-9471 and #15-10859. In DR #15-10859 and #15-9471, Uy is observed on video surveillance using a screwdriver to pry open banks of mailboxes. Also Uy is usually observed wearing pink running shoes like she is in this surveillance video.

Uy is also a suspect in several other thefts of mail from condominiums and apartment buildings. Uy was arrested on 10/28/14 in the City of Signal Hill for theft of mail. At that time Det D. Molinar was investigating Uy for similar thefts in our city and filed 5 counts on Uy with the District Attorney's Office (NA100656). Uy bonded out of custody and a short time later failed to show up at a scheduled court appearance. A warrant has been subsequently issued.

CALIFORNIA INSTITUTION FOR WOMEN
PROOF OF SERVICE BY MAIL
(C.C.P. § 1013a, §2015.5, Fed.R.Civ.P. 5; 28 U.S.C. 1743)

I am over the age of eighteen years, a citizen of the United States, a resident of the State of California
(A) and/and not a party to the within action. My mailing address is: CALIFORNIA INSTITUTION FOR
WOMEN, 16756 Chino-Corona Rd., Unit: LB , Room: 48 Corona, CA 92880.

On the following date: (B)_____ I served the following document(s): (C)

Writ package _____

_____

_____

On the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes,
addressed as follows to the following parties: (D)

Clerk of the United State District Court
for the Central District of California
United States Courthouse
ATTN: Intake /Docket Section
255 East Temple St. Suite TS-134, Los Angeles, CA 90012

I am readily familiar with the normal business practices for collection and processing of correspondence
and other materials for mailing with the United States Postal Service. On the same day that
correspondence is placed for collection and mailing. In a sealed envelope with postage fully prepaid, it is
deposited in a box so proved at the correctional institution in which I am presently confined.

I certify or declare under penalty of perjury under the law of the State of California that the foregoing is
true and correct.

(E) Name: Uy, Sophie          CDCR#: WF2296

Signed: _____ Dated: _____

| CIW MAILROOM ACKNOWLEDGEMENT OF MAILING |
|---|
| DATED: _____ STAFF: _____ |
| SIGNED: _____ |



UY, SOPHIE - WF2296
C.I.W. - LB-48L
16756 Chino Corona Rd.
Corona, CA 92880

CV

Clerk of the United States District
Court for the Central District
of California
United States Courthouse
ATTN: Intake / Docket Section
255 East Temple St., Suite TS-134
Los Angeles, CA 90012