# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE UY,<br><br>    Petitioner,<br><br>    v.<br><br>MOLLY HILL, Warden,<br><br>    Respondent. | Case No. 2:19-cv-00114-AFM<br><br>**MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## BACKGROUND

Petitioner was charged with ten counts of burglary, one count of forgery, one count of possession of personal identifying information of another with intent to defraud, and two counts involving possession of a controlled substance. (Respondent's Notice of Lodging, Lodgment ("LD") 1 at 4-5; LD 9.) On April 22, 2015, Petitioner entered a plea agreement, pursuant to which she pleaded no contest to three counts of first-degree burglary and admitted the allegation that she had committed the offenses while released on bail (Cal. Penal Code § 12022.1). In return, Petitioner was sentenced to state prison for a total term of ten years and eight months, and the remaining charges were dismissed. (LD 1 at 7-9; LD 8.) Petitioner did not

appeal. She filed numerous petitions in the state courts, which are discussed where relevant below.

On January 7, 2019, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises three claims for relief: (1) the trial court deprived Petitioner of due process by failing to correct a discrepancy between the minute order of Petitioner's sentencing and the abstract of judgment; (2) the trial court failed to conduct a hearing to determine the actual innocence of Gary Rudan (Petitioner's husband and co-defendant); and (3) Petitioner was denied due process by the trial court's failure to conduct a probable cause hearing based upon Petitioner's allegation that her lawyer was ineffective in advising her about the no contest plea. (ECF No. 1 at 5-6, 11.)

Respondent filed an Answer to the petition on August 21, 2019. (ECF No. 25.) On October 18, 2019, Petitioner filed a Reply. (ECF No. 30.) For the following reasons, Petitioner is not entitled to relief.

## EXHAUSTION

Respondent argues that Petitioner has failed to exhaust her state remedies with respect to all three claims presented in the petition. (ECF No. 25 at 6; *see* ECF No. 10 at 11-13.)

Federal habeas relief is not available unless the petitioner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires a petitioner to "fairly present" his federal claim to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 30 (2004). To satisfy this requirement, a petitioner must describe both the operative facts and the federal legal theory on which his claim is based to the California Supreme Court. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Contrary to Respondent's contention, reference to the petition filed by Petitioner in the California Supreme Court reveals that she raised essentially the same factual allegations and cited the same federal law as she does in this federal petition.

(LD 6.) Although Petitioner's state habeas petition is not a model of clarity, it is not substantially different from her federal habeas petition. Respondent correctly points out that other than a broad appeal to the Sixth and Fourteenth Amendment and a citation to *Lafler v. Cooper*, 566 U.S. 156 (2012) (holding that defendants are entitled to effective assistance of counsel during plea negotiations), Petitioner's state habeas corpus petition fails to cite federal legal authority supporting her claims. Yet Petitioner's federal habeas corpus petition relies on the same limited federal authority. Accordingly, the Court finds that Petitioner has exhausted her state remedies and proceeds to consider the merits of the petition.[1]

**STANDARD OF REVIEW**

A federal court may not grant a writ of habeas corpus on behalf of a person in state custody

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As used in section 2254(d)(1), the phrase "clearly established federal law" includes only the holdings, as opposed to the dicta, of Supreme Court decisions existing at the time of the state court decision. *Howes v. Fields*, 565 U.S. 499, 505 (2012) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

---

[1] Respondent also argues that the petition is barred by the statute of limitation. (ECF No. 25 at 6-7.) For the reasons explained in the Court's order denying Respondent's motion to dismiss raising the same argument, the Court exercises its discretion to consider the merits of the petition. (See ECF No. 18, citing *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).)

Under section 2254(d)(1), a state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" about the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This is true even where a state court's decision is unaccompanied by an explanation. In such cases, the petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98. Review of state court decisions under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

Under section 2254(d)(2), relief is warranted only when a state court decision based on a factual determination is "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)). Further, state court findings of fact – including a state appellate court's factual summary – are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Vasquez v. Kirkland*, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

Here, Petitioner filed a habeas corpus petition in the California Court of Appeal raising essentially the same claims as she does here. (LD 4.) The California Court of Appeal denied the petition in a reasoned decision. (LD 5.) Petitioner then filed a habeas corpus petition in the California Supreme Court. (LD 6.) The California Supreme Court summarily denied the petition. (LD 7.) Thus, the California Court of Appeal's decision constitutes the relevant state court adjudication for purposes of AEDPA review. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-804 (1991); *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) (en banc).

## DISCUSSION

### 1. Ground One

Petitioner alleges that the trial court deprived her of due process by failing to correct a discrepancy between the minute order of Petitioner's sentencing and the

abstract of judgment. According to Petitioner, as a result of this failure, the California Department of Corrections and Rehabilitation is unable to correctly calculate her sentence. (ECF No. 1 at 5, 11.)

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. It is not available for errors in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's allegations here involve solely the interpretation and application of state sentencing law. As such, they fail to present a cognizable federal claim. *See generally Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus."); *Miller v. Vasquez*, 868 F.2d 1116, 1118-1119 (9th Cir. 1989) (holding that claim that prior conviction was not a "serious felony" under California's sentencing law is not cognizable in federal habeas proceeding); *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1176 (C.D. Cal. 2014) (claim regarding alleged right to resentencing under California law not cognizable on federal habeas review).

Petitioner's reference to "due process" is insufficient to transform a state law issue into a federal one. *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Moreover, while it is true that the misapplication of state law may rise to the level of a due process violation, *see Valencia v. Davey*, 2017 WL 5592994, at *7 & n.8 (C.D. Cal. Oct. 17, 2017), Petitioner has failed to demonstrate any error occurred. Contrary to Petitioner's allegations, the record reveals no discrepancy between the minute order of sentencing and the abstract of judgment. Both reflect that Petitioner was sentenced to state prison for a term of ten years and eight months, and both are consistent with the court's oral pronouncement of Petitioner's sentence after she entered her no contest plea. (ECF No. 1 at 16, 22-25; LD 1 at 7-8; LD 8 at 1, 6.)

Finally, to the extent that Petitioner contends that she has been denied sentence credits to which she is entitled, that contention was rejected by the California Court of Appeal. As the state appellate court explained, "[b]ecause petitioner's crimes are violent felonies, she is statutorily limited to conduct credits of no more than 15 percent." (LD 4.) This Court is bound by the state court's determination of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

**2. Ground Two**

Petitioner alleges that her co-defendant Gary Rudan is actually innocent of the crimes for which Petitioner was convicted. (ECF No. 1 at 5, 11.) Petitioner lacks standing to raise such a claim on behalf of another. *See Byrd v. Comstock*, 430 F.2d 937, 938 (9th Cir. 1970) (per curiam) ("Petitioner may not complain of the violation of his co-defendant's right, if any occurred."); *Sisneros v. Neushmid*, 2018 WL 2010431, at *12 n.9 (E.D. Cal. Apr. 30, 2018) (petitioners generally lack standing to challenge the infringement of co-defendants' constitutional rights); *see also Williams v. Woodford*, 384 F.3d 567, 593 (9th Cir. 2004) (petitioner lacked standing to complain of infringement on prosecution witness's constitutional rights).

**3. Ground Three**

Petitioner alleges that she was denied due process by the trial court's failure to conduct a probable cause hearing. As apparent support for this claim, Petitioner alleges that she received ineffective assistance of counsel because her attorney failed to explain "the strikes per count" and failed to adequately investigate the firearm allegations which resulted in her offenses being deemed serious or violent felonies. (ECF No. 1 at 6, 11.)

As pleaded, Petitioner's allegations are fairly construed as challenging the trial court's refusal to issue a certificate of probable cause to appeal from her plea based

upon her allegations of ineffective assistance of counsel.[2] Such allegations fail to present a cognizable claim for federal habeas corpus relief. *See Edwards v. Sisto*, 2011 WL 3896799, at *13 (C.D. Cal. May 5, 2011) (challenge to trial court's failure to grant a certificate of probable cause pursuant to California Penal Code section 1237.5 failed to state cognizable federal habeas corpus claim), *report and recommendation adopted*, 2011 WL 3896928 (C.D. Cal. Sept. 6, 2011).

Unlike this Court, Respondent construes Petitioner's allegations as a challenge to her plea. Even liberally construing the petition to raise such a claim, Petitioner is not entitled to relief.[3] A claim of ineffective assistance of counsel in the plea context is analyzed under the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Hedlund v. Ryan*, 854 F.3d 557, 576 (9th Cir. 2017). Pursuant to *Strickland*, a petitioner must demonstrate that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) the petitioner was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 687-688. In the context of a guilty plea, prejudice means showing a reasonable probability that, but for counsel's deficient performance, the petitioner "would not have pleaded guilty and would have insisted on going to trial." *Premo v. Moore*, 562 U.S. 115, 129 (2011); *Hill*, 474 U.S. at 59.

---

[2] With limited exceptions, a defendant who pleads guilty (or nolo contest) in California may not appeal unless the defendant obtains a certificate of probable cause from the trial court. *See* PC § 1237.5; *In re Chavez*, 30 Cal. 4th 643, 646 (2003).

[3] Petitioner did not clearly raise such a claim in her state petitions, and the California Court of Appeal did not recognize it. Nevertheless, this Court may deny a claim on the merits notwithstanding a failure to exhaust state remedies. *See* 28 U.S.C. section 2254(b)(2). In *Cassett v. Stewart*, 406 F.3d 614, 623-624 (9th Cir. 2005), the Ninth Circuit held that dismissal of unexhausted claims is appropriate "only when it is perfectly clear that the applicant does not raise even a colorable federal claim." In light of *Cassett*, and in an abundance of caution, the Court reviews this unexhausted claim de novo. *See Phillips v. California*, 2016 WL 8223354, at *28 (C.D. Cal. Nov. 21, 2016), *report and recommendation adopted*, 2017 WL 520545 (C.D. Cal. Feb. 7, 2017); *Kelly v. Hedgpeth*, 2012 WL 1340365, at *6 (C.D. Cal. Jan. 31, 2012).

Critically absent from the petition here is any allegation that Petitioner would not have entered the plea agreement if counsel had provided "effective" performance. Nor does anything in the record support such an inference. Indeed, the record supports the contrary conclusion. As Respondent points out, Petitioner received a significant benefit from the plea agreement. (ECF No. 25 at 13.) She was charged with ten counts of burglary and four other counts, subjecting her to a potential prison sentence of more than 69 years. (*See* LD 9.) In exchange for her plea of no contest to three of the charges, Petitioner received a prison sentence of ten years and eight months, and the remaining charges were dismissed. (LD 9.)[4] In light of the absence of any allegations to the contrary, and considering the fact that Petitioner could have received a term almost seven times the length she actually received had she not pleaded no contest, she has failed to demonstrate that but for counsel's alleged deficient performance, the outcome of the plea process would have been different. *See Hill*, 474 U.S. at 59; *Mendoza v. Paramo*, 2012 WL 3029781, at *8 (C.D. Cal. June 15, 2012), *report and recommendation adopted*, 2012 WL 3030234 (C.D. Cal. July 23, 2012); *Cuevas v. Hartley*, 2012 WL 12950954, at *8 (C.D. Cal. Feb. 1, 2012), *report and recommendation adopted*, 2012 WL 12973173 (C.D. Cal. Mar. 16, 2012), *aff'd*, 674 F. App'x 724 (9th Cir. 2017).

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

DATED: 10/23/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[4] Among other things, the plea colloquy confirms that Petitioner was informed of, and acknowledged understanding, the length of her sentence and that the offenses to which she agreed to plead no contest were considered serious and violent felonies. (*See* LD 8 at 2-8.)

8